IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEST WESTERN INTERNATIONAL, INC.,
An Arizona Non-Profit Corporation,

        Plaintiff

vs.                                                        No. CIV-05-327 MV/LFG

SUNBURST HOTEL CORPORATION,
A Nevada Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment, filed May 13, 2005, **[Doc. No. 12]**, Plaintiff's Unopposed Motion to Strike Defendant's Answer to Verified Complaint and to Strike Defendant's Response to Motion for Default Judgment, filed June 20, 2005, **[Doc. No. 20]**, and Defendant's Motion to Set Aside Entry of Default, filed June 27, 2005, **[Doc. No. 21]**. The Court, having considered the motions, briefs, and relevant law, finds that the Motion for Default Judgment and the Unopposed Motion to Strike Defendant's Answer to Verified Complaint are not well-taken and will be denied and that Defendant's Motion to Set Aside Entry of Default is well-taken and will be granted.

## FACTUAL BACKGROUND

On March 25, 2005, Plaintiff filed its complaint in this case. On April 5, 2004, Plaintiff filed a return of service with the Court indicating that the complaint and summons had been personally served on "Jerry Maes" on April 1, 2005. The return of service did not indicate the location where "Jerry Maes" was served or who "Jerry Maes" was. When Defendant did not

respond by May 5, 2005, Plaintiff requested that the clerk enter a default pursuant to Fed. R. Civ. P. 55(a) and filed a motion for default judgment. On May 18, 2005, the clerk's entry of default was filed.

On June 2, 2005, counsel for Defendant entered an appearance and, four days later, filed both an answer and a response to Plaintiff's motion for default judgment. On June 27, 2005, Defendant filed a motion to set aside the clerk's entry of default. In its response to Plaintiff's motion for default and in its motion to set aside entry of default, Defendant contends that it was not served with the summons and complaint and only became aware of the case when it received Plaintiff's May 5, 2005 letter enclosing copies of Plaintiff's filings seeking a clerk's entry of default and default judgment. Upon receipt of Plaintiff's May 5, 2005 letter, Defendant retained counsel, who telephoned Plaintiff's counsel and explained that Defendant had not been properly served and requested a copy of the pleadings. Plaintiff mailed a copy of the pleadings to Defendant's counsel on May 19, 2005.

On June 17, 2005, Plaintiff filed an Amended Return of Service stating that "Jerry Mares, President at Sunburst Hotel Corporation" was personally served at "801 West Tucumcari Blvd., Tucumcari, NM 88401" on April 1, 2005. While the Amended Return of Service was clearly prepared some time after April 5, 2005, it states that it was executed on April 1, 2005.

## DISCUSSION

Under the Federal Rules of Civil Procedure, service of process upon a corporation may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process and, if the agent is one authorized by statute to receive service and the statute so requires, by

also mailing a copy to the defendant . . ..." Fed. R. Civ. P. 4(h).[1]  A defendant must serve an answer within twenty days after being served with the summons and complaint.  Fed. R. Civ. P. 12(a)(1)(A).  If a defendant fails to plead or otherwise defend as provided by the Federal Rules, the clerk shall do an entry of default against the defendants.  Fed. R. Civ. P. 55(a).  For good cause shown, the Court may set aside an entry of default.  *Id*. at 55(c).

The parties dispute whether the summons and complaint were served upon Jerome Mares, President of Defendant Sunburst Hotel Corporation.  Plaintiff filed a return of service stating that on April 1, 2005, the summons and complaint were personally served on a "Jerry Maes" and an amended return of service, apparently created after Defendant contended it was not served, stating that the summons and complaint were personally served on "Jerry Mares, President at Sunburst Hotel Corporation, 801 West Tucumcari Blvd., Tucumcari, NM 88401."  Defendant has submitted an affidavit from Jerome Mares denying that the summons and complaint were personally served upon him and stating that he first learned of this action when he received Plaintiff's May 5, 2005 letter.

While there is a factual dispute regarding Plaintiff's sufficiency of service, it is undisputed that once Defendant obtained notice of the case in May, Defendant promptly retained counsel, obtained copies of the pleadings, responded, and moved the Court to set aside the default.  The delay

---

[1] Rule 4(h)(1) also provides that service may be effected in the manner authorized in the state in which the district court is located.  *See* Fed. R. Civ. P. 4(h)(1) (citing Rule 4(e)(1)). New Mexico's procedural rules for effectuating personal service on a corporation are virtually identical to the Federal Rules, providing that a plaintiff must "deliver[] a copy of the summons and of the complaint to an officer, a managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . .."  Rule 1-004(f)(2) NMRA.

in this case, whether caused by insufficient service or a failure to respond, was minimal and neither party alleges it was prejudiced by the delay.  Furthermore, Defendant has alleged meritorious defenses.  Under these circumstances, a default judgment is not appropriate and the clerk's entry of default will be withdrawn.

Plaintiff also seeks to strike Defendant's Answer to Verified Complaint and Defendant's Response to Motion for Default Judgment on the grounds that Defendant failed to have the default excused prior to filing these documents.  Even assuming Defendant's filings are premature--an issue that has not been addressed by the Tenth Circuit, the Court will not strike Defendant's filings because doing so would simply cause additional delay and expense in this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Entry of Default, filed June 27, 2005, **[Doc. No. 21],** is **GRANTED.**  The Clerk's Entry of Default, filed May 18, 2005, **[Doc. No. 13]**, is hereby set aside.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion to Strike Defendant's Answer to Verified Complaint and to Strike Defendant's Response to Motion for Default Judgment, filed June 20, 2005, **[Doc. No. 20],** is **DENIED**.  To the extent these filings were made prematurely or without leave of the Court, such deficiencies are hereby excused.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, filed May 13, 2005, **[Doc. No. 12]**, is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant file a response to Plaintiff's Application for Preliminary Injunction, filed March 25, 2005, **[Doc. No. 3]**, with ten days of the date of this Order.

Dated this 9th day of September, 2005.

```
                                    _____
                                    MARTHA VAZQUEZ
                                    U. S. DISTRICT COURT JUDGE
```

Attorneys for Plaintiff:
    Michelle K. Ostrye, Esq.

Attorneys for Defendant:
    Tim J. O'Quinn, Esq.
.